Mr. Chief Justice JoimsoN delivered the opinion of the court. This is an application for a mandamus to the Circuit Court of Pulaski county to compel that court to set aside an order continuing a certain cause described in the petition, and to proceed with the trial thereof. The Circuit Court, in the return to the alternative writ, denies that a mandamus will lie inasmuch as there was no refusal to act; but that, on the contrary, action was actually had by a continuance of the cause. This is not the kind of action that the writ of mandamus was designed to enforce. The petition alleges that the Circuit Court refused to go on with the trial of the cause, but continued it without any legal authority. It is the peculiar province of the writ of mandamus to compel inferior courts to go forward in the discharge of their constitutional duties in cases where they either neglect or refuse to do so without authority of law. It is clear that the statement made by the defendant’s attorney, and upon which the cause was continued, was wholly insufficient to warrant the Circuit Court in refusing to try the cause and continuing it over to the next term. The statement was not verified by affidavit, and, even if it had been, could not have changed the character of the case. Upon the supposition that the statement was true, and that it was is admitted by the demurrer, yet it furnished no sufficient ground for a continuance of the cause or refusal of the court to progress with the trial. The defendants did not allege the want of testimony or any other cause why they were not ready to go into the trial of the cause. It is only in cases where either party is not prepared to go to trial, and he shall make a showing to that effect, verified by affidavit, that the Circuit Court, sitting on the common law side, can grant a continuance. The application for a continuance in this case was not based upon a supposed want of testimony or any thing else necessary to enable the defendant to go safely to trial upon the merits; consequently there was no such showing as could have called for, or even authorized, the Circuit Court to exercise its discretion in respect to the propriety of a continuance. The demurrer, therefore, must be sustained, and the rule made absolute.